(No. 75-CV-71— )

LARRY STARLING, Claimant, *vs.* STATE OF ILLINOIS,
Respondent.

*Opinion filed April 23, 1975.*

LARRY STARLING, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General, for Respondent.

PER CURIAM.

This claim arises out of a criminal offense that occurred on October 27, 1973, at 7927 South Crandon, Cook County, Chicago, Illinois. Larry Starling a victim of a violent crime, seeks payment of compensation pursuant to the provisions of the "Crime Victims Compensation Act," *Ill. Rev. Stat., 1973, Ch. 70 Sec. 71, et seq.* (hereafter referred to as "*the Act.*")

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court; and a report of the Attorney General of the State of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted before the Court, the Court finds:

1. That the claimant, Larry Starling, age 23, was a victim of a violent crime, as defined in Sec. 2(c) of the Act, to wit:

"Aggravated Battery," (Ill. Rev. Stat., 1973, Ch. 28, Sec. 12-4).

2. That on October 27, 1973, claimant was shot during a robbery in front of the home of his girlfriend.

3. That statements, taken by the police investigators shortly after the crime was committed, present no evidence of any provocation by the victim for the attack upon him.

4. That the victim was hospitalized from October 28, 1973, to December 15, 1973, as a result of the injuries he received in the shooting of October 27, 1973. A further and more detailed summary of the facts and information considered by the Court is contained in the Investigatory Report prepared by the Attorney General. A copy of said report is retained in the Court's file in this matter, and the facts as reported therein are incorporated in this opinion by reference.

5. That there is no evidence that the victim and his assailants were related or sharing the same household.

6. That the criminal offense was promptly reported to law enforcement officials, and claimant has fully cooperated with their requests for assistance.

7. That the victim's average monthly earnings for the six months immediately preceding his death were $479.36. The claimant missed three months and 14.5 days as a result of his injury. Using the Court accepted method of calculating compensable lost earnings, one month's earnings is divided by 30.4, the average days in a month, and multiplied by 14.5, the days lost beyond full months. This total of $228.64 is added to the total of $497.36 multiplied by three months, or $1,438.08. The sum of these figures is $1,666.72.

8. That, in addition to loss of earnings, the claimant incurred medical, and hospital expenses which were

partially covered by insurance benefits, and the gross amount of the pecuniary loss as computed before deductions and setoffs is as follows:

| | | |
|---|---|---|
| 1) | South Shore Hospital | $13,782.41 |
| 2) | Medical | 2,470.00 |

$16,252.41

9. That, in determining the amount of compensation to which an applicant is entitled, §7(d) of the Act states that this Court—

"(d) shall deduct $200 plus the amount of benefits, payments or awards, payable under the 'Workmen's Compensation Act,' or from local governmental, State or Federal funds or from any other source, (except annuities, pension plans, Federal social security benefits and the net proceeds of the first ($25,000) Twenty-five Thousand Dollars of life insurance that would inure to the benefits of the applicant . . .)."

That, in the claim before us, the benefits received by the claimant from other sources which must be deducted from his loss, as contemplated by §7(d) of the Act, were shown to be in the total sum of $15,885.58. This amount, plus the statutory deduction of $200, having been deducted from the gross amount of loss as calculated in paragraphs 7 and 8, leaves an amount of compensable loss, sustained by the claimant of $1,833.55.

10. That the proof submitted in support of this claim satisfies all requirements of this Act, and the claim is therefore compensable thereunder.

IT IS HEREBY ORDERED that the total sum of $1,833.55 be awarded to claimant, an innocent victim of a violent crime.

IT IS FURTHER ORDERED that the sum of $999.99 (Nine Hundred and Ninety Nine Dollars and Ninety Nine Cents) be paid immediately from the Court of Claims Fund as a partial payment on the total amount of this award, and that the balance of the award due the

claimant in the sum of $833.56 be referred forthwith to the General Assembly for its approval.